# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE | : | |
| | : | |
| Plaintiff, | : | Case No. 2:25-cv-00558 |
| v. | : | |
| | : | |
| PORT AUTHORITY OF ALLEGHENY | : | PLAINTIFF'S MOTION FOR |
| COUNTY d/b/a PITTSBURGH REGIONAL | : | PROTECTIVE ORDER |
| TRANSIT | : | |
| 345 Sixth Avenue, Third Floor | : | |
| Pittsburgh, PA 15222, | : | |
| | : | |
| And | : | |
| | : | |
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3 | : | |
| J. DOE 4, and CHARLES REEVES | : | |
| | : | |
| Defendants | : | |

**FILED**

APR 29 2025

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## MOTION FOR PROTECTIVE ORDER

1. Plaintiff respectfully moves this Court to enter a protective order preventing the public disclosure of sensitive and personally identifying information that poses a risk to Plaintiff's physical safety, privacy, and well-being.

2. Plaintiff has filed a civil complaint asserting claims under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, United States Constitution, and Pennsylvania state law.

3. Plaintiff has filed a Motion to Proceed Under Pseudonym, supported by detailed factual and legal grounds, including a documented and ongoing threat to Plaintiff's physical safety that has resulted in a pending criminal case for terroristic threats.

4. Disclosure of Plaintiff's legal name, residential address, and sensitive health records in the public docket would significantly increase the risk of physical harm, retribution, or psychological distress, particularly given the prior threats of violence made against Plaintiff after asserting her disability rights.

5. Defendants have already received Plaintiff's legal name through Right-to-Know Law requests, a formal Notice of Intent to Sue required by Pennsylvania law, and correspondence related to prior ADA complaints. Plaintiff is not seeking to conceal her identity from Defendants, but from the general public.

6. A narrowly tailored protective order is appropriate to prevent the unnecessary disclosure of sensitive information and will not prejudice Defendants' ability to respond to the Complaint or prepare a defense.

7. Plaintiff requests that the Court enter a protective order:

    a. Preventing public disclosure of Plaintiff's legal name, address, and contact information;

    b. Preventing unnecessary disclosure of Plaintiff's information to Pittsburgh Regional Transit personnel with non-essential roles in this action's defense;

    c. Requiring that Defendants refer to Plaintiff as "Jane Doe" in all public filings;

    d. Requiring that documents containing identifying or medical information be filed under seal or in redacted form; and

    e. Prohibiting the use of Plaintiff's identifying information for any non-litigation purpose.

8. Plaintiff has contemporaneously filed a Motion to Preserve Evidence. Several documents produced by Defendant in response to Plaintiff's Right-to-Know Law requests contain metadata indicating they were edited after Defendant had received Plaintiff's Notice of Intent to Sue. In light of this discovery, Plaintiff has a good faith basis to be concerned with how Defendant handles evidence and sensitive information moving forward.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Protective Order consistent with the above provisions.

Respectfully submitted,

s/ Jane Doe

Jane Doe, pro se

29 April 2025