IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 25-558 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 1-25 |
| PORT AUTHORITY OF ALLEGHENY | ) | |
| COUNTY, *d/b/a* PITTSBURGH REGIONAL | ) | |
| TRANSIT, JOHN DOE 1, JOHN DOE 2, | ) | |
| JOHN DOE 3, J. DOE 4, *and* CHARLES | ) | |
| REEVES, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM ORDER</u>**

Presently before the Court is Plaintiff's Motion for Leave to Proceed under Pseudonym ("Motion"). ECF No. 1-25. For the reasons set forth herein, the Motion is denied.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff initiated this action on April 25, 2025, by filing an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") under the pseudonym "Jane Doe." ECF No. 1. Plaintiff subsequently paid the applicable filing fee, rendering her IFP Motion moot. ECF No. 7. On August 29, 2025, she filed an Amended Complaint, ECF No. 8 ("Amended Complaint"), which is now the operative pleading.

In the Amended Complaint, Plaintiff brings a number of claims against Port Authority of Allegheny County, *d/b/a* Pittsburgh Regional Transit ("PRT"), Charles Reeves ("Reeves"), and four "John Doe" Defendants (collectively, "Defendants") based on her attempts to bring her powered mobility device with her while riding PRT buses. ECF No. 8.

1

Specifically, Plaintiff alleges that she is disabled and that she brought her case:

> to challenge Defendant's pattern of discriminatory treatment regarding Plaintiff's access to public transportation and the lawful use of a mobility device, retaliation following engagement in protected activities, and enforcement of policies that violate the Equal Protection and Due Process Clause of the Fourteenth Amendment of the United States Constitution.

Id. ¶ 4. She alleges that this conduct began on February 21, 2025, when she was told by a PRT bus driver ("John Doe 1") that she could not bring her mobility device onboard the bus. Id. ¶¶ 26-30. After a second such incident with a different PRT bus driver ("John Doe 2") on March 17, 2025, Plaintiff contacted PRT regarding the issue, ultimately filing a formal complaint. Id. ¶¶ 31-34. After filing the complaint, Plaintiff allegedly experienced several retaliatory incidents with John Doe 2 while he was operating PRT buses. Id. ¶¶ 35-46.

On April 8, 2025, Plaintiff asserts that, while riding a PRT bus, she was confronted and physically threatened by a male passenger for refusing his demand that Plaintiff give up the handicap seat she was using. A third bus driver ("John Doe 3") witnessed the confrontation but failed to stop or de-escalate the situation. Id. ¶¶ 47-60. Plaintiff called 9-1-1 but was ultimately told that the bus driver had been contacted and said the situation had been resolved. Id. Plaintiff later returned the call to formally press charges against the passenger who had confronted her. Id.

Plaintiff attempted to resolve her issues with PRT, submitting written complaints on February 21, March 17, and March 21, 2025, but with no success. Id. ¶¶ 64-66. She also submitted a number of "Right-to-Know-Law" requests. Plaintiff claims that a number of records were altered, withheld, or retroactively created in the course of PRT responding to her requests. Id. ¶¶ 67-79.

Based on this conduct, Plaintiff brought a number of claims against Defendants, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the

Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*; violations of her due process and equal protection rights under the Fourteenth Amendment pursuant to 42 U.S.C. §§ 1983 and 1985; retaliation for exercising her First Amendment right under Section 1983; conspiracy under Section 1985; and a number of Pennsylvania state tort actions. Id.

Included with Plaintiff's IFP Motion was the present Motion, seeking leave to proceed under the pseudonym "Jane Doe" or, in the alternative, to proceed under her initials. ECF No. 1-25. Therein, Plaintiff argues that disclosing her identity would reveal her private medical conditions and emotional trauma, as well as information relevant to a pending criminal investigation. Id. ¶ 3. She further asserts that such disclosure would cause her emotional distress and could result in "undue scrutiny" as she prepares to embark on a legal education. Id. ¶¶ 4-5. She emphasizes that the verbal and physical threats she received from the passenger on April 8, 2025, supports anonymity, "as public disclosure of her identity, address, and contact information would expose her to a credible and substantial risk of harm." Id. ¶¶ 6-7. She further contends that her whistle-blowing activity and filing of complaints against PRT employees exposes her to the risk of retaliation. Id. ¶¶ 8-12.

The Court has considered Plaintiff's arguments in light of the allegations in the Amended Complaint and finds that the facts of this case do not warrant permitting Plaintiff to proceed anonymously.

## II.  DISCUSSION

Under Federal Rule of Civil Procedure 10, parties to a lawsuit are required to identify themselves in their pleadings. Fed. R. Civ. P. 10(a). This rule reflects the general principle that "judicial proceedings, civil as well as criminal, are to be conducted in public." Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011) (citations omitted). "A plaintiff's use of a pseudonym 'runs

afoul of the public's common law right of access to judicial proceedings.'" Id. (quoting Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000)).

Nonetheless, "[w]hile not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously." Id. In her Motion, Plaintiff argues that such an exception applies here. To obtain this relief, it is not enough that Plaintiff "may suffer embarrassment or economic harm." Id. Instead, she "must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" Id. (quoting Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1043 (9th Cir. 2010)).

In Megless, the United States Court of Appeals for the Third Circuit endorsed a non-exhaustive list of factors to guide district courts in deciding whether a litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings. The factors in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential;
>
> (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;
>
> (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;
>
> (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;
>
> (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to [her] refusal to pursue the case at the price of being publicly identified; and
>
> (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Id. at 409.

      On the other hand, factors disfavoring anonymity include:

(1) the universal level of public interest in access to the identities of the litigants;

(2) whether because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and

(3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Id.

      The Court finds, upon consideration of these factors, that this is not the type of "exceptional case" where courts have allowed a party to proceed anonymously.

      **A.**    **Factors Favoring Anonymity**

      As to the first factor – the extent to which her identity has been kept confidential – although Plaintiff has attempted to conceal her identity in the pending federal case, she acknowledges that she has used her actual name and contact information in her prior dealings with PRT regarding the issues in this case. ECF No. 1-25 ¶¶ 15-16. The first factor "favors plaintiffs who make substantial efforts to maintain anonymity and limit disclosure of sensitive information to few other people." Doe v. Main Line Hosps., Inc., No. 20-2637, 2020 WL 5210994, at *2 (E.D. Pa. Sept. 1, 2020) (quoting Doe v. Rutgers, No. 2:18-cv-12952, 2019 WL 1967021, at *2 (D. N.J. Apr. 30, 2019)) (internal quotations omitted). Plaintiff's efforts to do so here are not negligible but also far from substantial. Given that her attempts to conceal her identity have commenced only recently, and that her identity is already known to Defendants, this factor does not weigh toward anonymity in this action.

      As to the second factor, the stated bases for Plaintiff's fear of disclosure are remote and speculative. She asserts that disclosing her identity would reveal her private medical conditions

5

which would cause her emotional distress and that disclosure may result in "undue scrutiny" that could impact her potential legal career. Id. ¶¶ 3-5. However, as discussed, it is not enough that a party may suffer embarrassment or economic harm; there must be a reasonable fear of severe harm. See Megless, 654 F.3d at 408. In regard to her stated concerns regarding threats to her safety, she asserts that her confrontation with another passenger on April 8, 2025, demonstrates that her fears are not speculative but grounded in actual experience. However, this confrontation was not prompted by Plaintiff's legal dispute with the Defendants, and the Court emphasizes that the passenger is not a party in this case. Moreover, there is no evidence that this passenger is even aware of Plaintiff's identity, so Plaintiff proceeding under her own name would have no impact on any risk from him. As discussed above, to the extent Plaintiff fears retaliation from the Defendants, they are already privy to her real identity based on prior communications. Overall, therefore, this factor weighs strongly against anonymity.

This is also true of the third factor – the public's interest in maintaining Plaintiff's confidentiality. This factor supports anonymity if "other[s] similarly situated [would] be deterred from litigating claims that the public would like to have litigated" if they could not proceed pseudonymously. Id. at 410. Disability and retaliation claims, as well as claims for the violation of constitutional rights, are routinely brought by parties under their own names; nothing suggests that requiring Plaintiff to proceed under her own name in this case would have any impact on this. Further, the issues here are not purely legal, and indeed, a good deal of factual investigation may be needed. Therefore, there is not an "atypically weak" public interest in Plaintiff's identity, and the fourth factor also weighs against permitting use of a pseudonym.

The final two factors that may weigh in favor of anonymity are not particularly compelling in this case. There is nothing to suggest what the outcome to Plaintiff might be were

she to decide to abandon her claims at the price of being publicly identified. Likewise, nothing in the record suggests any improper motive on Plaintiff's behalf. However, at best, these factors weigh only slightly in favor of permitting Plaintiff to proceed under a pseudonym and are thoroughly outweighed by the other factors.

    **B.**    **Factors Disfavoring Anonymity**

This outcome is further confirmed by consideration of the factors disfavoring anonymity. As for the first of these factors, the Third Circuit has "acknowledge[d] the thumb on the scale that is the universal interest in favor of open judicial proceedings." Megless, 654 F.3d at 411. This weighs, as always, in favor of disclosing Plaintiff's identity. The remaining two factors generally disfavoring anonymity are not particularly compelling. The subject of the litigation does not appear to heighten the public's interest, as Plaintiff is not a public figure, and there is no other apparent reason this litigation is subject to heightened public interest. Further, no entity has expressed any opposition to Plaintiff's use of a pseudonym. Therefore, these factors offer little guidance but do not counsel against anonymity.

**III.**    **CONCLUSION**

Having considered the relevant factors for and against allowing Plaintiff to continue to proceed under a pseudonym, the Court finds that most of these factors weigh against granting the instant Motion. Plaintiff does not overcome the strong default rule that parties must proceed using their real names. Accordingly, her Motion is denied, and if Plaintiff chooses to continue to proceed, she will be required, as are most litigants barring rare exceptions, to identify herself.

AND NOW, this 15th day of October, 2025, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Proceed under Pseudonym, ECF No. 1-25, is DENIED. Plaintiff is directed

to file a Second Amended Complaint that identifies her within 14 days of the date of this order. Failure to do so will result in dismissal of this action for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Memorandum Order to file an appeal to the District Judge which includes the basis for objection to the Memorandum Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record by Notice of Electronic Filing
Plaintiff via U.S. Mail to her identified address